IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**VICTOR AMADOR PARILLA**,

  Plaintiffs,

  v.

**RAMON AYALA SANTIAGO**,
 **et al.**,

  Defendants.

**CIVIL NO. 03-2168 (JAG)**

**REPORT AND RECOMMENDATION**

Before the Court is defendants Ramón Ayala-Santiago, et al.'s (jointly referred to as the "defendants") *Motion for Summary Judgment* (Docket No. 44). For the reasons set forth herein, the Court **RECOMMENDS** that same be **GRANTED in part and DENIED in part**.

Before delving into the merits of the matter at hand, the Court finds it necessary to point out plaintiff Víctor Amador-Parilla's ("Amador-Parilla") failure to comply with Local Rule 56(c). While the plaintiff did submit an opposing statement of material facts (Docket No. 56), said statement fails to meet the Local Rule's requirements, which call for the opposing party's statement to:

> "**admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts** and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule."

Rule 56 (c), Local Rules of the United States District Court, District of Puerto Rico (2004) (emphasis added).

Parties ignore Local Rule 56 at their own peril, and failure to file a statement of contested facts which fully complies with said rule warrants deeming the facts presented in the movant's statement of undisputed facts admitted. Morales v. Orssleff's EFTF, 246 F. 3d. 32, 33 (1ST Cir. 2001). The non-movant may not merely file a separate list of facts which bare no relationship to those numbered in the movant's statement. Mercado-Alicea v. P.R. Tourism Company, 396 F. 3d. 45, 51 (1ST Cir. 2005). Such is the statement presented to the Court by plaintiff, virgin of any admission, denial, or qualification, much less specific reference or correspondence to the paragraphs

**CIVIL NO. 03-2168 (JAG)**                           2

in the defendants' statement of uncontested facts. Need us remind the plaintiff that the Court is not required to ferret through the record in search of evidence supporting its case. Id. Consequently, the Court finds that the facts contained in the Defendants' statement of uncontested facts have not been duly controverted, for which they are admitted.

## I. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988). See also Velázquez Hernández, Jorge, The Federal Rules of Evidence, Civil and Criminal Procedure, As Interpreted by the First Circuit Court of Appeals and the U.S. District of Puerto Rico, p.202-212 (2000).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir.1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976). The non-movant

**CIVIL NO. 03-2168 (JAG)**                                  3

cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89 (1968), reh'g denied, 393 U.S. 901 (1968).

## II. LEGAL ANALYSIS

*A. Statute of Limitations*

Defendants request dismissal alleging that Amador-Parilla's cause of action is time-barred. (Docket No. 44, p. 13). Defendants contend that in light of the plaintiff's statements to the effect that he was politically persecuted and harassed by defendants as soon as the Popular Democratic Party ("PDP") administration took over, which necessarily was January 2001, the applicable statute of limitations elapsed in January 2002. Thus, defendants allege, Amador-Parilla's complaint, filed on October 30, 2003, was filed outside the applicable limitations period. Id., p. 14-15. In opposing said claim, Amador-Parilla merely alleges that the statute of limitations issue has already been resolved by the Court when disposing of Defendants' December 16, 2003 motion to dismiss (Docket Nos. 4, 26). (Docket No. 56, p. 23). Plaintiff alleges that such denial at the motion to dismiss stage precludes Defendants from attempting to re-litigate at this, the summary judgment stage. However, Amador-Parilla has not cited any supporting authority. In fact, motions to dismiss under Fed. R. Civ. P. 12 and summary judgment motions under Rule 56 differ greatly. As established by the First Circuit, the standards applicable at the summary judgment stage are far more demanding than those for a motion to dismiss. Cochran v. Quest Software, Inc., 328 F. 3d. 1, 8 n. 2 (1ST Cir. 2003). Moreover, among the many other differences is the fact that a court faced with a motion for summary judgment may look at evidence beyond the complaint. Thus, the Court finds Amador-Parilla's claim that Defendants' are barred from bringing forth the statute of limitations issue meritless.

In adjudicating a section 1983 claim, a court must borrow the forum state's general statute of limitations for personal injury actions, which in Puerto Rico is one year. Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F. 3d. 1, 6 (1ST Cir. 2005). Said period begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. Carrera-

**CIVIL NO. 03-2168 (JAG)**                                4

Rosa v. Alvés-Cruz, 959 F. 2d. 349, 353 (1ST Cir. 1997). The Court first notes that Defendants' request that the plaintiff's Article 1802 claim relating to alleged acts of political affiliation occurred before October 30, 2002 be found time barred has already been granted by the Court. (See Docket No. 26, p. 5). Hence, said issue need not be discussed.

In support of their limitations claim, Defendants rely exclusively on certain allegations in the complaint to the effect that Amador-Parilla claims to have been the victim of discrimination since the PDP came into power. However, as mentioned by Judge García in a previous order, such a claim is insufficient inasmuch as it does not consider the possibility of continuing violation doctrines. (See Docket No. 26). Moreover, Defendants' argument in support of their statute of limitations argument fails to carry their initial burden of establishing "that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at, 325. Defendants merely outline the applicable legal principles, without squarely setting forth when and why Amador-Parilla's cause of action began to accrue. At this stage of the proceedings, such a proffer, based exclusively on semantics rather than well-pleaded facts, is insufficient. Consequently, the Court **RECOMMENDS** that Defendants' motion for summary judgment on statute of limitations grounds be **DENIED**.

*B. Section 1983 Prima Facie Case*

A plaintiff alleging political discrimination bears the burden of "producing sufficient evidence that he engaged in constitutionally protected conduct and that political affiliation was a substantial or motivating factor behind the challenged employment action." González-De-Blasini v. Family Dept., 377 F. 3d. 81, 85 (1ST Cir. 2004). "The plaintiff must point to evidence on the record which, if credited, would permit a rational fact finder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus." Id. This showing requires more than merely juxtaposing a protected characteristic, such as differing political ideal, with the fact that the plaintiff was treated unfairly. Padilla-García v. Rodríguez, 212 F. 3d. 69, 74 (1ST Cir. 2000).

In the case at bar, there is evidence on the record that Amador-Parilla was stripped of his supervisory duties, and that they were given to Carmen Maldonado, allegedly a PDP militant.

**CIVIL NO. 03-2168 (JAG)**                5

Plaintiff's **Exhibit A**, p. 91 (Docket No. 56). The record further shows that at least one other witness confirms said allegations. Plaintiff's **Exhibit D**, p. 21 (Docket No. 56). At this, the summary judgment stage, the Court may not make credibility determinations, weigh conflicting evidence, or "superimpose his own ideas of probability and likelihood, no matter how reasonable those ideas may be." Villarini-García v. Hospital del Maestro, Inc., 8 F. 3d. 81, 87 n. 4 (1ST Cir. 1993) (citing Greenburg v. Puerto Rico Maritime Shipping Authority, 835 F. 2d. 932, 936 (1ST Cir. 1987)). In light of this, and the Court's duty to view the evidence in the light most favorable to the non-movant, the Court concludes that Amador-Parilla has presented sufficient evidence to establish a section 1983 prima facie case, for summary judgment purposes. Hence, the Court **RECOMMENDS** that Defendants' motion for summary judgment be **DENIED** as to this particular.

*C. Due Process*

Defendants next request dismissal of Amador-Parilla's Fourteenth Amendment Due Process claim, alleging that the plaintiff was provided with an administrative hearing in which he had the opportunity to present evidence and be represented by counsel. Defendants further claim that Amador-Parilla was provided with an informal hearing and was duly notified of his right to appeal. (Docket No. 44, p. 12). After review of the evidence and uncontested facts, the Court concurs.

On March 6, 2003, Amador-Parilla received a letter from then acting ARPE administrator Fernando Vargas ("Vargas") informing him that the agency was intent on firing him. *Statement of Uncontested Facts*, ¶ 66, p. 13. In said letter, Amador-Parilla was informed of his right to request an administrative hearing on the matter, which he later asked for. Id., ¶¶ 66, 68, p. 13. Said hearing was held on April 28, 2003 before an Examining Officer. Id., ¶ 71, p. 14. At the hearing Amador-Parilla was represented by counsel and was allowed to present evidence on his behalf. Id., ¶ 72, p. 14. After hearing all parties, the Examining Officer recommended a written reprimand in lieu of outright dismissal. Id., ¶ 71, p. 14. Upon receipt of such recommendation, Vargas proceeded to deviate from his original intent to dismiss the plaintiff, instead opting to adopt the Examining Officer's recommendation and limit disciplinary action to a written reprimand. Id., ¶¶ 73-74, p. 15.

A career employee, such as Amador-Parilla, faced with possible dismissal is entitled to notice

**CIVIL NO. 03-2168 (JAG)** 6

of the charges against him and an opportunity to respond prior to termination. Cepero-Rivera v. Fagundo, 414 F. 3d. 124, 134 (1ST Cir. 2005). As outlined above, Amador-Parilla was given due notice and a pre-termination hearing, to which he assisted represented by counsel. In fact, at the process' end the agency backtracked from its original intent to dismiss, instead abiding by the Examining Officer's recommendation that due to, among other reasons, Amador-Parilla's precarious health, he merely be given a written reprimand. Id., ¶¶ 71-74. Consequently, not only was Amador-Parilla given due process, but he retained his position. Thus, his property interest in his career employment was left unscathed.[1]

Lastly, the Court also notes that Amador-Parilla has not included any evidence to support his conclusory assertion that he was not able to present an adequate defense at the pre-termination hearing. While Amador-Parilla alleges that the agency erroneously claimed before the Examining Officer that he "never complied with the procedures established by the office to solicit leaves and to submit certificates,"[2] he has presented no evidence to establish that such was not the case, or that he was impeded in alleging the contrary at the hearing.

As a result, the Court **RECOMMENDS DISMISSAL** of Amador-Parilla's Fourteenth Amendment procedural Due Process claim. The Court also clarifies that Defendants' request for summary judgment of Amador-Parilla's Fifth Amendment Due Process claim is moot inasmuch as the Court has already dismissed said cause of action. (See Docket No. 26).

*D. Equal Protection*

Defendants next request dismissal of Amador-Parilla's equal protection claim adducing that plaintiff's failure to point to any law or statute burdening a particular class, or to any class affiliation warrants dismissal. (Docket No. 44, p. 13). As with Defendants' statute of limitations claim, Amador-Parilla opposes said summary judgment request by merely claiming that since the matter

---

[1] Such issue is independent of whether Amador-Parilla maintained the duties of his position. Such allegations are included in plaintiff's political discrimination cause of action.

[2] *Memorandum in Opposition of Summary Judgment*, p. 20 (Docket No. 56).

**CIVIL NO. 03-2168 (JAG)**                    7

was denied at the motion to dismiss stage, it cannot be considered by the Court via summary judgment. For the reasons set forth in section A, supra, the Court rejects said contention. Thus, in light of plaintiff's failure to squarely set forth an argument or evidence in support of his equal protection claim, the Court **RECOMMENDS DISMISSAL** of the same.

*E. Qualified Immunity*

Qualified immunity is not a defense on the merits, but rather an entitlement not to stand trial or face the countless other burdens of litigation. Saucier v. Katz, 533 U.S. 194, 200 (2001). The threshold inquiry must be whether the facts, taken in the light most favorable to the party claiming injury, show that an officer's conduct violated a statutory or constitutional right. Forest v. Pawtucket Police Dept., 377 F. 3d. 52, 56 (1ST Cir. 2004). If such inquiry results in the affirmative, the court must determine whether that right was clearly established at the time of the official's alleged violation. Wilson v. Layne, 526 U.S. 603, 609 (1999). Only after both these questions are answered affirmatively should the Court address the particular conduct in question to decide whether an objectively reasonable official would have believed that his conduct was lawful in light of the clearly established law and the information possessed at the time of the allegedly wrongful conduct. Abreu-Guzmán v. Ford, 241 F. 3d. 69, 73 (1ST Cir. 2001); McBride v. Taylor, 924 F. 2d. 386, 389 (1ST Cir. 1991).

As noted above, the Court has concluded that there exist issues of fact as to whether Defendants stripped Amador-Parilla of his supervisory duties and assigned them to a PDP follower. More so, at the time of the alleged events, the law was clear to the effect that political discrimination in public employment is impermissible. See Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990). Hence, the Court **RECOMMENDS** that Defendants' request for qualified immunity be **DENIED**.

**CONCLUSION**

In light of the preceding, the Court **RECOMMENDS** that defendant's *Motion for Summary Judgment* (Docket No. 44) be **GRANTED in part and DENIED in part**. The Court **RECOMMENDS** that summary judgment be granted as to Amador-Parilla's due process and equal

**CIVIL NO. 03-2168 (JAG)** 8

protection claims.

      Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO ORDERED**

**Date: October 7, 2005**               **S/ Gustavo A. Gelpí**
                                                    **GUSTAVO A. GELPÍ**
                                                    **U.S. Magistrate Judge**